IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DALE JONES,                                         Civ. No. 3:15-cv-01064-AA

       Plaintiff,                                OPINION AND ORDER

   v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

       Defendant.

---

George J. Wall
1336 Burnside St., Suite 130
Portland, OR 97214
       Attorney for plaintiff

Billy J. Williams
United States Attorney
District of Oregon
Janice E. Hébert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

1 – OPINION AND ORDER

Leisa A. Wolf
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
    Attorneys for defendant

AIKEN, Judge:

Dale Jones (plaintiff) brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) and Social Security Income (SSI) benefits under the Act. The Commissioner's decision is affirmed and the case is dismissed.

## PROCEDURAL BACKGROUND

On October 11, 2011, plaintiff protectively filed for a period of disability and DIB and applied for SSI, alleging disability beginning December 31, 2001. Tr. 19. His applications were initially denied on March 21, 2012 and upon reconsideration on June 29, 2012. Tr. 19, 150-157, 163-167. On October 21, 2013, a hearing was held before an Administrative Law Judge (ALJ), wherein plaintiff appeared with an attorney and testified. Tr. 39-92. A vocational expert (VE) also appeared and testified. Tr. 83-86. On November 25, 2013, the ALJ issued a decision finding plaintiff not under a disability from December 31, 2001 through December 31, 2006, his date last insured. Tr. 19-33. In addition, the ALJ found plaintiff not under a disability since October 11, 2011, the SSI application date. Tr. 19-33. On May 15, 2015, the Appeals Council denied review, rendering the ALJ's decision final. Tr. 1-3. Plaintiff now seeks judicial review.

Plaintiff was fifty-six years old at the time of the hearing before the ALJ. Tr. 14. He attended high school through tenth grade, but did not complete high school or receive his GED.

Tr. 63. He worked as a dietary aide, dishwasher, loader-unloader, convenience store cashier, and housekeeper. Tr. 50-53, 64-69, 84-85, 251-54, 269-71. He lost jobs for various reasons including substance abuse, missing work, employers going out of business, leaving unsatisfactory work environments, and his criminal background. Tr. 67-69. Plaintiff alleges disability since December 31, 2001, due to mental health issues, knee problems, chest pains, and fatigue. Tr. 72, 75, 78, 82-83, 217, 219, 246.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The Commissioner's findings are upheld if supported by inferences reasonably drawn from the record; if evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate

an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date, December 31, 2001. Tr. 21; 20 C.F.R. §§ 404.1571, 416.971.

At step two, the ALJ found that plaintiff had the severe impairments of arthropathies of the low back and left knee, cognitive disorder, anxiety disorder, and alcohol abuse. Tr. 22; 20 C.F.R. §§ 404.1520(c), 416.920(c). The ALJ found that plaintiff's remote head injury, and left upper extremity condition, heart problems, occasional chest pain, gastroesophogeal reflux disease, and dental decay were not severe. Tr. 22.

At step three, the ALJ found that plaintiff's medically severe impairments did not meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude gainful activity. Tr. 22-23; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. Because plaintiff was not presumptively disabled at step three, the ALJ evaluated how plaintiff's impairments affected his ability to work by assessing his residual functional capacity (RFC). Tr. 23-30.

At step four, with regard to plaintiff's DIB application, the ALJ found, from the alleged onset date of December 31, 2001 through the date last insured of December 31, 2006, plaintiff had the RFC to "perform a full range of work at all exertional levels, but with the following non-exertional limitations: He could remember, understand, and carry out instructions and tasks generally required by occupations with a SVP of 1-4 (unskilled to semi-skilled)." Tr. 23. With

regard to plaintiff's SSI application, as of the protective filing date of October 11, 2011, the ALJ found that plaintiff had the RFC to "perform a full range of medium work as defined in 20 CFR 416.967(c)." Tr. 23.

> Specifically, the ALJ found plaintiff
>
> can occasionally lift and carry 50 pounds, frequently lift and carry 25 pounds, stand and walk about 6 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday. He can remember, understand, and carry out instructions and tasks generally required by occupations with a SVP of 1-4. He is limited to frequent interaction with supervisors, co-workers, and the general public. Tr. 23-24.

Based on plaintiff's assessed RFC and the testimony of the VE, the ALJ found that prior to December 31, 2006, plaintiff could perform "all of his past relevant work, as the work did not require the performance of work-related activities precluded by the claimant's residual functional capacity through December 31, 2006." Tr. 30, 20 C.F.R. §404.1565. The ALJ also found, as of October 11, 2011, plaintiff was "capable of performing past relevant work as a dietary aide and a housekeeper." Tr. 30. The ALJ determined "[t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity as of October 11, 2011." Tr. 30, 20 C.F.R. §416.965.

If the plaintiff is unable to perform any past relevant work, the inquiry proceeds to step five, where the Commissioner bears the burden to establish that the plaintiff is capable of performing other work that exists in significant numbers in the national economy. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f). Here, although the ALJ determined plaintiff could perform his past relevant work, he also made an alternative step five finding. Tr. 31-32. Relying on the testimony of the VE, the ALJ found that plaintiff was able to perform other work as a housekeeper. Tr. 31-32, 85. Therefore, the ALJ found that plaintiff was not disabled within the meaning of the Act.

5 – OPINION AND ORDER

## DISCUSSION

Plaintiff asserts that he should be found disabled as of December 31, 2001 and continuing through the present, the Commissioner's decision reversed, and the case remanded for immediate payment of benefits. Pl.'s Br. 10. Alternatively, plaintiff seeks remand for further proceedings. Pl.'s Br. 10. Plaintiff argues the ALJ erred by failing to evaluate and find him disabled under Listing 12.05 Intellectual Disability at step three of his analysis. Pl.'s Br. 6-9.

Step three requires the ALJ to consider the severity of the claimant's impairment, by comparing the impairment to those listed in Appendix I of the Regulations, ("the Listings"). 20 C.F.R. Part 404, Subpt. P, App. I. To meet a Listing, the claimant's impairment must satisfy all of the components of the Listing. 20 C.F.R. §§404.1525(d), 416.925(d). The plaintiff has the burden of proving that he has an impairment that meets or equals a Listing. *Burch*, 400 F.3d at 683. If the claimant's impairment meets or equals a listed impairment, he will be found disabled at step three.

Here, the ALJ evaluated plaintiff's mental impairments and found "claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.02, 12.06, and 12.09," relating to Organic Mental Disorders, Affective Disorders, and Substance Addiction Disorders, respectively. Tr. 22-23. In making this finding, the ALJ evaluated the "paragraph B" and "paragraph C" criteria and found "[b]ased on the totality of the medical evidence of record" neither the "paragraph B" or "paragraph C" criteria were satisfied. Tr. 23. The ALJ did not discuss Listing 12.05C in his step three findings. Therefore, the issue is whether the record supports remand for consideration of disability under Listing 12.05C.

The structure of Listing 12.05 for intellectual disability is different from the other mental disorders listings, and therefore requires a different analysis. 20 C.F.R. Pt. 404, Subpt. P, App.

1, §12.00(A). "Listing 12.05 contains an introductory paragraph with the diagnostic description for intellectual disability," and "four sets of criteria (paragraphs A through D)." *Id.* If an impairment "satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria," the impairment meets the listing. *Id.* In order to meet Listing 12.05C plaintiff must show, "(1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) a valid IQ score of 60 to 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation." *Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013)(citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C)).

**1. Valid IQ Score**

Listing 12.05C requires plaintiff to establish that he has "a valid verbal, performance, or full scale IQ of 60 through 70." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §12.05(C). "Where more than one IQ is customarily derived from the test administered, e.g., where verbal, performance, and full scale IQs are provided in the Wechsler series, we use the lowest of these in conjunction with 12.05." 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.00(D)(6)(c).

Here, the ALJ noted plaintiff's IQ scores obtained by Dr. R.W. Davis and Dr. Karla Rae Causeya. Tr. 25, 28. In 1981, Dr. Davis administered an IQ test on plaintiff and he received "an estimated verbal score of 79, an estimated performance IQ score of 89, and an estimated full scale IQ score of 83." Tr. 25. In October 2013, Dr. Causeya evaluated plaintiff using the Wechsler Memory Scale_IV and plaintiff received a full scale IQ of 72 and a "verbal comprehension score of 68." Tr. 28, 356-69.

Plaintiff argues he meets the first prong of Listing 12.05C with his October 2013 verbal IQ score of 68, Auditory Memory score of 69, and Delayed Memory score of 69. Pl.'s Br. 8.

7 – OPINION AND ORDER

Plaintiff further argues the ALJ "failed to discuss Plaintiff's verbal IQ of 68" and "made no finding that rejected these scores." Pl.'s Br. 8. Plaintiff is correct that the ALJ failed to specifically address or discredit plaintiff's verbal IQ score of 68 and his Auditory Memory and Delayed Memory scores of 69. Tr. 28.

An ALJ may reject a claimant's IQ score if it is not valid. *See Thresher v. Astrue*, 283 F. App'x. 473, 475 (9th Cir. 2008). The ALJ failed to reference Listing 12.05C, and it is unclear whether his analysis of Dr. Causeya's findings included plaintiff's IQ scores or whether he found the scores invalid. *Id.* (case remanded to allow ALJ to clarify her considerations at step three with respect to plaintiff's IQ score and overall decision). This ambiguity arguably would be grounds for remand as plaintiff's 2013 IQ scores meet the first prong of 12.05C. *See Orosco v. Colvin*, 2016 WL 1584151, at *5 (D. Or. Apr. 18, 2016); *Gomez v. Astrue*, 695 F. Supp. 2d 1049, 1056 (C.D. Cal. 2010) (where "silent disregard of the verbal IQ score" was an error and grounds for remand).

**2. An Additional Impairment**

Listing 12.05C also requires plaintiff to show he has "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §12.05(C). "[A]n impairment imposes a significant work-related limitation of function when its effect on a claimant's ability to perform basic work activities is more than slight or minimal." *Fanning v. Bowen*, 827 F.2d 631, 633 (9th Cir. 1987). If the claimant has another severe impairment at step two, then this requirement is satisfied. *See Id.* at 633 n.3 (citing *Nieves v. Sec'y of Health Human Servs.*, 775 F.2d 12, 14 (1st Cir. 1985)); *see also Pedro*, 849 F. Supp. 2d at 1015 (citing *Stokes v. Astrue*, 2011 WL 285224, at *10 (D. Or. Jan. 11, 2011)).

Here, the ALJ found plaintiff had the "severe" impairments of arthropathies of the low back and left knee; cognitive disorder; anxiety disorder; and alcohol abuse at step two of his analysis. Tr. 22. The ALJ's finding that plaintiff had multiple severe impairments at step two of his analysis is substantial evidence to satisfy the second prong of Listing 12.05C. *See Fanning*, 827 F.2d at 633 n.3; 20 C.F.R. § Pt. 404, Subpt. P, App. 1, §12.00A.

### 3. Onset Before Age 22

The introductory paragraph of Listing 12.05 requires plaintiff to show he has "significantly subaverage general intellectual functioning with deficits in adaptive functioning manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.05. Adaptive functioning has been described as a "person's effectiveness in areas such as social skills, communication, and daily living skills, and how well the person meets the standards of personal independence and social responsibility expected of his or her age by his or her cultural group." *Heller v. Doe*, 509 U.S. 312, 328 (1993)(citing Manual of Mental Disorders 28-29). "A claimant may use circumstantial evidence to demonstrate adaptive functioning deficits that existed prior to age 22, such as 'attendance in special education classes, dropping out of high school prior to graduation, difficulties in reading, writing or math, and low skilled work history.'" *Glenn v. Colvin*, 2013 WL 3046871, at *3 (D. Or. June 11, 2013)(citing *Pedro v. Astrue*, 849 F. Supp. 2d 1006, 1011 (D. Or. 2011)); *see also Campbell v. Astrue*, 2011 WL 444783, at *17 (E.D. Cal. Feb. 8, 2011).

Plaintiff argues there is circumstantial evidence in the record to satisfy the introductory paragraph of Listing 12.05C, citing his enrollment in special education classes, repeating the fourth grade, difficulties with reading, spelling, and math, dropping out of school and never

completing his GED. Pl.'s Br. 7; Tr. 333, 360. Plaintiff further notes Dr. R.W. Davis' Neuropsychological Examination of plaintiff found frontal lobe damage, and Dr. Davis opined that "Mr. Jones shows evidence of organic brain dysfunction severe enough to impair the level of his ability to function. This is probably a chronic condition that may have existed to some degree from birth..." Pl.'s Br. 7-8; Tr. 307-09. Finally, plaintiff notes that he has a history of low-skilled work, has been homeless for most of his life, and never has had a driver's license, bank account, or managed his own bills. Pl.'s Br. 8; Tr. 228, 360, 364. For these reasons, plaintiff argues he satisfies the introductory paragraph of Listing 12.05C.

Defendant responds that plaintiff "indicated in his application that he was not disabled before age 22," and "reported that his main barrier to working was his history of manslaughter at age 22." Def.'s Br. 7-8; Tr. 145, 219. Defendant further argues plaintiff "failed to demonstrate any deficits in adaptive functioning manifesting prior to age 22" because he "demonstrated the ability to work at substantial gainful activity levels for many years and had an extensive history of alcohol abuse during his early life." Def.'s Br. 7-8. Specifically, defendant argues that "[a]n IQ score is not sufficient to show deficits of adaptive functioning during the developmental period," and that "a claimant must show an 'inability to cope with the challenges of an ordinary everyday life' during the developmental period." Def.'s Br. 8-9(citing *Randall v. Astrue*, 570 F.3d 651, 660-62 (5th Cir. 2009); *Novy v. Astrue*, 497 F.3d 708, 710 (7th Cir. 2007)). Overall, defendant argues there is no evidence to show plaintiff demonstrated an inability to cope with challenges of ordinary, everyday life. Def.'s Br. 9. Defendant cites evidence of record establishing that plaintiff cooked, shopped, navigated public transportation, cleaned his living environments, and worked as a dishwasher, furniture loader, and as a dietary aide for fifteen

years, which negates any argument that plaintiff had "deficits in adaptive functioning prior to age 22." Def.'s Br. 9, 11; Tr. 26, 84-85.

I find the evidence is insufficient for plaintiff to satisfy the introductory paragraph of Listing 12.05C. Granted, plaintiff cites circumstantial evidence that he was enrolled in special education classes, and the reports of Dr. Daniel L. Scharf, M.D. and Dr. Karla Rae Causeya, Psy.D., who both noted plaintiff's enrollment in special education classes based on his subjective reports. Pl.'s Br. 7; Tr. 333, 360. The ALJ found plaintiff not entirely credible, however, neither party challenged this determination. Plaintiff provides no additional evidence, other than his own testimony, that he was enrolled in special education classes.

Next, plaintiff's long work history as a dietary aide contradicts plaintiff's claim that he had adaptive functioning deficits prior to age 22. Tr. 50-52. Plaintiff nonetheless argues his "actual ability to work is irrelevant," noting that under *Pedro v. Astrue*, "the court considered a history of low skilled work, struggling with reading and writing and participation in special education as evidence of deficits in adaptive functioning during the developmental years." Pl.'s Rep. Br. 2-3. However, I find this case distinguishable. In *Pedro*, the district court found the ALJ erred by ignoring VE testimony that plaintiff's history of "low skilled work" was "more akin to a supervised workshop setting or 'accommodated employment' and not competitive employment." *Pedro*, 849 F.Supp.2d at 1013-14. The court held this "accommodated employment," along with plaintiff's enrollment in special education classes, and struggles with reading and writing, and memory, was "ample support to find that plaintiff demonstrated significantly subaverage intelligence with deficits in adaptive functioning prior to age 22." *Id.* at 1012, 1014. Here, I find plaintiff's work as a dietary aide was not the type of "accommodated employment" in *Pedro* to warrant a finding that plaintiff had deficits in adaptive functioning

11 – OPINION AND ORDER

prior to age 22. Plaintiff worked for fifteen years as a dietary aide, and also worked as a furniture loader and unloader, and dishwasher. Tr. 84-85. Plaintiff did not discuss any difficulties or accommodations provided for him to perform these jobs, and only lost them because of his alcohol use, the employer going out of business, or his dissatisfaction with the work environment which prompted him to quit. Tr. 64-69. Plaintiff did not engage in "accommodated employment" like in *Pedro*, and I find plaintiff's work history insufficient to show plaintiff had adaptive functioning deficits prior to age 22.

Finally, plaintiff cites only limited medical evidence of record to show he had any mental health treatment related to his alleged mental health disability, which the ALJ reasonably determined was not the "extent of medical treatment one would expect for a totally disabled individual." Tr. 25. For the above reasons, I find insufficient evidence to satisfy the introductory paragraph of Listing 12.05C, and the ALJ did not err in failing to evaluate plaintiff under Listing 12.05C.

## CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act is supported by substantial evidence in the record. Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Dated this __1st__ day of June 2016.

_____
Ann Aiken
United States District Judge